IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 7:25-cr-01187-3 |
| ) | |
| v. ) | |
| ) | |
| ELIJAH SIMMONS, ) | **OPINION AND ORDER** |
|   a/k/a "Lil Eli", ) | |
| ) | |
|            Defendant. ) | |
| ) | |

**DESIGNATION OF CASE AS COMPLEX
LITIGATION PURSUANT TO 18 U.S.C. § 3161(h)(7)(B)(ii)**

On December 11, 2025, on the motion of Defendant Zachary Chapman, the Court entered an Order designating this case as complex under the Speedy Trial Act. [Doc. 181.] Counsel for Defendants Bynum, Hamilton, and Glover consented to the motion along with the Government. Defendant Simmons, however, opposed the designation.

In a hearing before the Court on December 15, 2025, Defendant Simmons, along with counsel Bradley Bennett (standing in for Cassandra Gorton) noted his objection on the record and advised that a motion to sever his case would be forthcoming.

Upon considering the reasons presented in opposing the designation by Defendant Simmons, the Court finds that that the circumstances making this case complex for co-defendants Chapman, Bynum, Hamilton, and Glover, equally apply to Defendant Simmons.

As stated in the Order designating this case complex, this case involves a RICO conspiracy among eight defendants, three of whom are potentially death-eligible under the Federal Death Penalty Act ("FDPA"), and involves illegal activities including, but not

limited to, drug trafficking, robbery, the use of firearms, retaliatory acts of violence, attempted murder in aid of RICO, conspiracy to commit murder in aid of RICO, and murder in aid of RICO.  The discovery in this case involves a large volume of the documents and audio/video files. The Government also represented that there is information from seized telephones that still needs to be processed and turned over.

Given the number of defendants, the length and nature of the conspiracy, and the existence of a massive number of documents and audio/video records, the Court finds that the designation of this case as "complex" under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii) also applies to Defendant Simmons.  Thus, the Court finds, based on the reasons set forth above, "that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial," as set forth in 18 U.S.C. § 3161(h)(7)(A).  Accordingly, the speedy trial clock is tolled until September 8, 2026.  This order shall be without prejudice to the right of newly arraigned defendants to seek relief from the provisions of this order.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

December 16, 2025
Greenville, South Carolina