IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 7:25-cr-01187 |
| | ) | |
| v. | ) | |
| | ) | |
| ZACHARY CHAPMAN, | ) | **OPINION AND ORDER ON MOTION** |
|   a/k/a "Blacc Zacc", | ) | **FOR BILL OF PARTICULARS** |
| | ) | **AND/OR TO COMPEL** |
| DEQUADRY RAZOR, | ) | |
|   a/k/a "Fat Loc", | ) | |
| | ) | |
| ELIJAH SIMMONS, | ) | |
|   a/k/a "Lil Eli", | ) | |
| | ) | |
| MAURICE BYNUM, | ) | |
|   a/k/a "Reese", | ) | |
| | ) | |
| MICHAEL MCCLARY, | ) | |
|   a/k/a "Durtyy Mike", | ) | |
| | ) | |
| TERRY LAMONT QUICK, | ) | |
|   a/k/a "Quicc", | ) | |
| | ) | |
| JAVON HAMILTON, | ) | |
|   a/k/a "Skeet", | ) | |
| | ) | |
| DYRON GLOVER, | ) | |
|   a/k/a "Bay Bay", | ) | |
| | ) | |
| Defendant(s). | ) | |

This matter is before the Court on motion by Defendant Elijah Simmons ("Defendant Simmons") for a bill of particulars and/or a motion to compel. [Doc. 229.] Specifically, Defendant Simmons seeks to have the Court compel the Government to "provide identification of all documents and evidence that they intend to use at trial to prove the guilt of this specific Defendant." [*Id.* at 1.] Defendant Simmons also contends that the volume of discovery provided remains a problem that must be addressed by the

Court. [*Id.* at 3.] The Government opposes the motion contending that Defendant Simmons' motion "misunderstands or ignores the law that governs the parties' obligations regarding discovery in federal criminal cases." [Doc. 243 at 1.]

**BILL OF PARTICULARS/COMPEL**

"'The purpose of a bill of particulars,'" pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, "'is to inform the defendant of the charges against him in sufficient detail and to minimize surprise at trial.'" *United States v. Butler*, 885 F.2d 195, 199 (4th Cir.1989) (*quoting United States v. Hawkins*, 661 F.2d 436, 451 (5th Cir. 1981)). It is not to be used as a discovery device or to provide detailed disclosure of the government's evidence prior to trial. *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985). A bill of particulars typically is appropriate where the government's case is "shrouded in mystery," *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987), or where the charges in the indictment are "'so general that they do not advise the defendant of the specific acts of which he is accused.'" *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (*quoting United States v. Torres*, 901 F.2d 205, 234 (2d Cir.1990)). A bill of particulars is unnecessary where the indictment complies with the Fifth and Sixth Amendments by alleging the essential elements of the crime with which the defendant is charged in a manner that allows him to raise a defense and to plead double jeopardy in any future prosecutions. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *Butler*, 885 F.2d at 198. The decision whether to grant or deny a motion for a bill of particulars is within the sound discretion of the trial court. *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973) (cleaned up), *aff'd*, 417 U.S. 211 (1974).

**BACKGROUND**

Upon review of the pending motion, Defendant Simmons contends that

> [b]ased on the discovery located so far, the ONLY acts [that apply to Defendant Simmons] are the shooting on September 3, and possibly the shooting on September 9, 2021. Yet the AUSA insists there is more. Such as marijuana trafficking, as noted above. But as noted above, [the Government] will not identify dates or witnesses.

[Doc. 229 at 3.] Defendant Simmons demands that:

> IF IT IS THE GOVERNMENTS [sic] INTENT TO PROVE THE DEFENDANT'S INVOLVEMENT AND GUILT ONLY THROUGH THE DEFENDANT'S ALLEGED INVOLVEMENT IN THE DRIVE BY SHOOTING ON SEPTEMBER 3, 2021 AND THE ALLEGED ATTEMPTED MURDER ON SEPTEMBER 9, 2021, UNDERSIGNED WOULD SIMPLY ASK FOR A STATEMENT REGARDING SAME SO THAT ADDITIONAL TIME AND MONEY IS NOT WASTED PREPARING A DEFENSE AS TO OTHER ALLEGATIONS.

[*Id.*] Defendant Simmons also contends that "finding relevant discovery in the volume of information provided remains a problem that must be addressed by this Court." [*Id.*] Defendant Simmons argues that the Government has misrepresented the availability of phone calls related to Defendant Simmons and that, given the size of the case, the misinformation has made the availability of zealous representation more difficult. [*Id.* at 5.]

In response, the Government contends Defendant Simmons is not entitled to any of the relief sought, and his motion should be denied. [Doc. 243 at 1.] Specifically, the Government contends "'Rule 16 does not require the prosecution to disclose all the minutia of its evidence, to reveal its trial strategy, and to delineate with total specificity the case it intends to present.'" [*Id.* at 2 (*quoting Anderson*, 481 F.2d at 694).] The Government also contends that it is not the obligation of the Government "to sort through the discovery in a multi-defendant case to identify all the documents or files that are relevant or helpful to a particular defendant." [*Id.* (*citing United States v. Warshak*, 631

3

F.3d 266, 296 (6th Cir. 2010) (noting that Rule 16 "contains no indication that documents must be organized or indexed").] The Government contends it would be inappropriate for the Court to order a more detailed response to Defendant Simmons after already expending considerable time and resources attempting to help Defendant Simmons and his counsel access the discovery and understand the Government's case. [*Id*. at 6.] The Court agrees with the Government.

**ANALYSIS**

Pursuant to Federal Rule of Criminal Procedure 7(f), a "court may direct the government to file a bill of particulars." A bill of particulars enables a defendant "to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Adams*, 335 F. App'x 338, 344 (4th Cir. 2009). The relevant inquiry here "is whether deprivation of the information sought will render the defendant subject to unfair surprise." *United States v. Sampson*, 448 F. Supp. 2d 692, 696 (E.D. Va. 2006) (*citing United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996)). However, as previously stated, "[a] bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial." *Automated Med. Lab'ys, Inc.*, 770 F.2d at 405.

By its nature, the indictment is the instrument that allows the defendant to understand the charges. Thus, an indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The indictment should list each count, state the controlling statutes, relevant dates, and facts supporting the charge. In a RICO indictment, the overt acts, alleged dates and details, and each defendant's connection to the enterprise should be identified as well.

4

In this case, Defendant Simmons is one of eight defendants charged in a nine-count indictment spanning twenty-two pages. The indictment alleges a RICO conspiracy in violation of 18 U.S.C. § 1962(d) (Count 1); several Violent Crimes in Aid of Racketeering (VICAR) counts in violation of 18 U.S.C. § 1959(a)(1),(5) (Counts 2, 4, 5); two 18 U.S.C. § 924(c) counts involving the use, carrying, and discharge of firearms in furtherance of crimes of violence (Counts 3, 7); a murder-for-hire count in violation of 18 U.S.C. § 1958 (Count 6); a causing death through the use of a firearm count in violation of 18 U.S.C. § 924(j)(1) (Count 8); and a conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count 9). [Doc. 1. (sealed).] Defendant Simmons is charged in Counts 1-4.

Upon review of the indictment in this matter, the Court finds that the indictment provides adequate information to allow Defendant Simmons to understand the charges against him in Counts 1–4 and to allow him to adequately prepare a defense and avoid surprise at trial. The indictment spells out the RICO conspiracy in considerable depth as well as Defendant Simmons' involvement in the conspiracy. The indictment unmistakably sets forth the dates in which the conspiracy ran its course—"Beginning on a date unknown, but since at least in or about June 2020, and continuing until the date of this indictment." [Doc. 1. (sealed) ¶ 13.] The indictment also tracks the statutory language and cites the charging statutes. "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling*, 418 U.S. at 117 (*quoting United States v. Carll*, 105 U.S. 611, 612 (1882))*; see also United States v. Harvel*, 115 F.4th 714, 731 (6th Cir. 2024) (upholding district court's

5

determination that indictment's details eliminated the necessity of a bill of particulars); *United States v. Milk*, 66 F.4th 1121, 1133 (8th Cir. 2023) (upholding denial of bill of particulars in drug conspiracy case where the indictment sufficiently informed the defendant of the basis for the charge in that it set forth the elements of the offense, apprised the defendant of the type of drugs involved, and specified the time frame of the alleged drug conspiracy, and the defendant conceded the government provided voluminous discovery prior to trial, including proffer statements and witness interviews).

With respect to the issue of unfair surprise on the overt acts related to marijuana trafficking and the transportation of cash, the indictment presents with sufficient clarity the allegations that Defendant Simmons "conspired to traffic marijuana to raise funds on behalf of DME" and "transported large amounts of cash from Columbia, South Carolina to Los Angeles, California for the purpose of purchasing quantities of marijuana on behalf of DME." [Doc. 1 (sealed) ¶¶ 16-17.] Additionally, the indictment spells out the dates in which Defendant Simmons allegedly engaged in these activities. There is no mystery in the case against Defendant Simmons since through a detailed and thorough indictment and the provision of voluminous discovery at an early stage of the litigation, the Government has supplied Defendant Simmons with both an understanding of the charges against him and a roadmap concerning what the Government intends to prove at trial. Thus, Defendant Simmons will not be subject to "unfair surprise" regarding this federal offense. The fact that Defendant Simmons currently may not be in possession of the evidence the Government will produce to prove this charge does not create unfair surprise. The Court reiterates that a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon

which it intends to rely at trial." *United States v. Davis*, 53 F.4th 833, 845 (5th Cir. 2022), *cert. denied*, ––– U.S. ––––, 144 S. Ct. 72 (2023).

Furthermore, Defendant Simmons failed to provide, and the Court cannot find, a legal basis upon which the Court could require the Government "to reveal the details of its evidence or the precise manner in which it will make its proof in a bill of particulars." *United States v. Cuong Gia Le*, 310 F. Supp. 2d 763, 781 (E.D. Va. 2004) (*citing Automated Med. Lab'ys, Inc.,* 770 F.2d at 405). Defendant Simmons does not indicate whether his motion to compel is brought under *Brady v. Maryland* or Rule 16(a)(1)(E). In any instance, "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). As Defendant Simmons has indicated, the Government provided over 1 terabyte of electronic information pertaining to the overall conspiracy. [Doc. 229 at 1.] Additionally, the Government notes that the investigation into this matter is ongoing and there will inevitably be additional evidence that is discovered and disclosed. [Doc. 243 at 7.] Thus, the Court finds no basis to compel additional discovery at this time. *Cf. United States v. Redd*, 167 F. App'x 565, 568 (7th Cir. 2006) (holding that the defendant was not entitled to a bill of particulars where the indictment charging a violation of 21 U.S.C. § 841(a) included an allegation of conspiracy, the time period in which the conspiracy operated, and the statute violated, and where the defendant had access to more detailed information through discovery); *United States v. Urban*, 404 F.3d 754, 772 (3d Cir. 2005) (noting that full access to discovery "further weakens the case for a bill of particulars").

## CONCLUSION

In light of the above analysis, the Court finds that the indictment sufficiently lays out the charges against Defendant Simmons such that he understands the charges against

him, and there is little to no risk of surprise at trial. The Court further finds no basis for compelling the Government to reveal the details of its evidence or the precise manner in which it will make its proof in a bill of particulars. Additionally, there is no legal basis for compelling the Government to identify the discovery items that support each count brought by the Government against Defendant Simmons. Accordingly, Defendant Simmons' motion for a bill of particulars and/or to compel [doc. 229] is DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

February 27, 2026
Greenville, South Carolina

8